902845420-001 218A-50218-1C DJC/ced
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THE HARLEYSVILLE WORCESTER INSURANCE           ECF CASE
COMPANY as subrogee of POST ROAD MARKET,
                                                                This Document has been filed
                         Plaintiff(s),           Electronically.

-against-                                       08-cv-04891 (JGK)

ROBERT RISPOLI PLUMBING & HEATING,              ANSWER

                         Defendant(s).           Trial by Jury Demanded
-------------------------------------------------------------------X

      Defendant(s) ROBERT M. RISPOLI PLUMBING & HEATING, INC. sued herein as ROBERT RISPOLI PLUMBING & HEATING, by its attorneys ROBIN, HARRIS, KING & FODERA answering the complaint of the plaintiff herein:

## ANSWER TO COMPLAINT – CIVIL ACTION
## PARTIES

      1.    Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "1", "2" "3" and "5" of the complaint.

## ANSWER TO JURISDICTION

      2.    Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "6" and "7" of the complaint and refers all questions of law to this Honorable Court.

## ANSWER TO BACKGROUND

      3.    Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "8", "10" "11", "12" and "13" of the complaint.

4. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "9" of the complaint but admits that defendant Robert M. Rispoli Plumbing & Heating, Inc. sued herein as Robert Rispoli Plumbing & Heating installed a fire suppression system.

## ANSWER TO COUNT I - NEGLIGENCE

5. Defendant repeats and reiterates all of the admissions and denials contained in the foregoing answer, with reference to those paragraphs as repeated and reiterated in paragraph designated "14" of the complaint.

6. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "15" of the complaint and refers all questions of law to this Honorable Court.

7. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "16a." through "16n." inclusive, "17" "18", "19" and "20" of the complaint.

## ANSWER TO COUNT II – BREACH OF CONTRACT

8. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "21", "25", "26" and "27" of the complaint.

9. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "22" of the complaint and refers all questions of law to this Honorable Court.

10. Denies upon information and belief each and every allegation contained in paragraphs designated "23a." through "23n." inclusive and "24" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE, IT IS ALLEGED UPON INFORMATION AND BELIEF:

11. Any damages allegedly sustained by plaintiff were caused or contributed to in whole or in part by the plaintiff's failure to mitigate said damages, and if any judgment is recovered against this defendant, said judgment should be apportioned and reduced by the percentage of plaintiff's failure to mitigate said damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE, IT IS ALLEGED UPON INFORMATION AND BELIEF:

12. That this Honorable Court lacks personal jurisdiction over this defendant.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE, IT IS ALLEGED UPON INFORMATION AND BELIEF:

13. Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care of rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules.

14. If any damages are recoverable against this said defendant, the amount of such damages shall be diminished by the amount of the funds which plaintiff has or shall receive from such collateral source.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, IT IS ALLEGED UPON INFORMATION AND BELIEF:

15. That the injuries and damages, if any, alleged to have been sustained by plaintiff were caused, in whole or in part, by the culpable conduct of plaintiff's subrogor.

WHEREFORE, defendant ROBERT M. RISPOLI PLUMBING & HEATING, INC. sued herein as ROBERT RISPOLI PLUMBING & HEATING demands judgment dismissing the complaint or in the alternative, apportioning the liability between plaintiff and defendant, and the costs and disbursements of this action.

Dated: New York, New York
      August 12, 2008

Yours etc.,

BY:_____s/_____
DOREEN J. CORREIA (DJC:3075)
Associated with the Law Office
ROBIN, HARRIS, KING & FODERA
Attorneys for Defendant(s)
ROBERT M. RISPOLI PLUMBING &
HEATING, INC. s/h/a ROBERT RISPOLI
PLUMBING & HEATING
One Battery Park Plaza, 30th Floor
New York, NY 10004-1437
(212) 487-9701

To:

Law Offices of Robert A. Stutman, P.C.
Attorneys for Plaintiff
20 East Taunton Road, Suite 403
Berlin, NJ  08009
(856) 767-6800